

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JON SOMMERVOLD, | \* | CIV 11-1028 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER AND OPINION |
| WAL-MART, INC., | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the court is a motion (Doc. 4) to dismiss this action for insufficiency of service of process. The plaintiff had a private process server provide a copy of the summons and complaint to an assistant manager at the Aberdeen, South Dakota, Wal-Mart store. This was done on August 9, 2011. The statute of limitations expired on August 17, 2011. The confusion here points out the folly of waiting until virtually the last minute to start a law suit.

The plaintiff's attorney knew that a resident agent, CT Corporation, had been appointed by all Wal-Mart entities and was available for service of process in Pierre, South Dakota. Why the resident agent was not served is unknown to the court. The fact that there were numerous Wal-Mart entities would not generate any confusion. Plaintiff's claims to the contrary make no sense. Any questions would have to do with naming the correct defendant as a party, not whether the resident agent for all Wal-Mart entities in South Dakota should be served with process. The contentions of the plaintiff to the effect that the sheriff's office in Pierre had, in another case, taken one week to serve the summons and complaint is also a red herring. By virtue of SDCL 15-2-31, to toll the statute of limitations, one must only deliver the summons to the sheriff with the intention to have it served and the sheriff must have had the summons in hand before the statute runs. Thus, the sheriff in Pierre would have had 60 days after receiving the papers to serve the papers. The red herring argument also ignores the fact that plaintiff's attorney used a private process server in Aberdeen. He also could have used a private process server in Pierre if

he was concerned about the Hughes County Sheriff's performance.

Prior to February 25, 2005, the effective date of a new version of the then version of SDCL 15-6-4(d), a plaintiff was permitted by SDCL 15-6-4(d)(2) to serve a foreign corporation (such as Wal-Mart) by leaving a copy of the summons with the president or other head of the corporation, secretary, cashier, treasurer, a director or managing agent of such corporation. By virtue of SDCL 15-6-4(e), substituted service was authorized as to both domestic and foreign corporations. Thus, as to any private corporation, if **no** general officer (whatever that meant), director, managing agent, or other representative mentioned in 15-6-4(d) as qualified to receive service could "conveniently be found", service could be made by leaving a copy of the summons at the place of business of such qualified person with any officer or employee over fourteen years of age. Service as to a domestic private corporation was governed by SDCL 15-6-4(d)(1).

Since February 25, 2005, the requirements for service have changed. The revised version covers all defined business entities, including, of course, both domestic and private corporations. Service is to be made on the president, partner or other head of the entity, officer, director, or registered agent. The revised statute provides that if "**any**" such person "cannot be conveniently found", service may be made by leaving a copy "at any office of such business entity within this state, with the person in charge of such office." Why the word "any" was substituted for "no", I do not know. Obviously, it is highly unlikely that all officers and directors of most large foreign corporations, such as Wal-Mart, are going to be found in South Dakota. That is precisely the reason that such corporations appoint resident agents. The present version allows substituted service, for example, as to Wal-Mart if one of the directors or officers cannot be found in South Dakota. Common sense tells us that such will always be the case as to large multi-state corporations. There is, however, nothing in the record before the court to show that all officers and directors of Wal-Mart can or cannot conveniently be found in South Dakota. Again, if any one of the persons named cannot conveniently be found in South Dakota, the service here was valid if the assistant manager in Aberdeen was "the person in charge of such office." I note that the statute says "the person" and not "a person." Are there more than one assistant managers at the store in Aberdeen? Is there any "pecking order" among or between such assistants? Was the store manager on duty at the time of service? Was the person served actually in charge of the

2

store? Does the statute require service on the highest ranking employee of the business regardless of who is on duty at the time of service? The record does not reveal answers to any of these questions.

Plaintiff attempts to create a different statute, utilizing parts of the old version and parts of the new version. This, of course, is not to be permitted. When language is clear, it is the responsibility of the court to read and apply the statute or the rule as written.

The question then becomes: was the person served (apparently an assistant manager of the Aberdeen store) "the person in charge of such office"? This is largely a factual issue or perhaps a mixed question of law and fact. Factual issues cannot be determined under a motion to dismiss. In addition, a motion to dismiss cannot be converted to a summary judgment motion without proper notice to all parties with the opportunity to be heard.

The motion should be denied under the present state of the record.

Now, therefore,

IT IS ORDERED that the motion to dismiss (Doc. 4) is denied.

Dated at Aberdeen, South Dakota, this 9th day of November, 2011.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:

JOSEPH HAAS, CLERK

BY: _____ DEPUTY

(SEAL)